UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HECTOR GUZMAN and<br>GUY RANKIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>NIRVANA POOL & SPA, LLC and<br>ANTHONY J. PRIZZY,<br><br>    Defendants. | CIVIL NO. 08-5423(NLH)(KMW)<br><br>**MEMORANDUM & ORDER** |

**APPEARANCES:**

ARI R. KARPF
KARPF, KARPF & VIRANT, P.C.
NESHAMINY PLAZA
3070 BRISTOL PIKE
BUILDING 2, SUITE 231
BENSALEM, PA 19020

   *Attorney for plaintiffs*

ROBERT J. MALLOY
ROBERT J. MALLOY, ESQ.
30 SOUTH MAPLE AVENUE
MARLTON, NJ 08053

   *Attorney for defendants*

**HILLMAN**, District Judge

   This matter having come before the Court on the motion of plaintiffs' "Motion to Enforce Judgment and to execute Consent Judgment"; and

   On December 31, 2009, the Court having been informed that the parties had settled the matter; and

   The Court having entered an order dismissing the action "without costs and without prejudice to the right, upon motion

and good cause shown, within 60 days, to reopen this action if the settlement is not consummated"; and

The Order further stating, "If any party shall move to set aside this Order of Dismissal as provided in the above paragraph or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties"; and

On July 19, 2010, plaintiffs having filed their instant motion to enforce the settlement agreement because defendants have allegedly failed to consummate the terms of the settlement; but

The Court not having subject matter jurisdiction to hear plaintiffs' motion because: (1) it was not filed within 60 days of the Court's December 31, 2009 Order, and (2) the settlement was not part of the record, see Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 378 (1994) (finding as a general rule that a federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders); Sawka v. Healtheast, Inc., 989 F.2d 138, 141-42 (3d Cir. 1993) (holding that "unless a settlement is part of the record, incorporated into an order of

the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); Washington Hospital v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989) (stating "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute"); and

The Court noting that even though the parties entered into an agreement that stated that if defendants breached the settlement agreement, a consent judgment would be entered by the Court (Pl. Ex. A), as of March 2, 2010, the Court's subject matter jurisdiction to consider any matter relating to this case had expired, see id., and the parties may not confer subject matter jurisdiction by consent, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004); and

The Court further noting that a plaintiffs' recourse for a defendant's alleged failure to abide by the terms of the settlement agreement may be to file a new action for breach of contract, see Sawka, 989 F.2d at 140 (assuming arguendo that defendant breached the terms of the settlement agreement, "that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement");

Accordingly,

**IT IS HEREBY ORDERED** on this 12th day of January, 2011 that plaintiffs' "Motion to Enforce Judgment and to execute Consent Judgment" [30] is **DENIED**.[1]

                                                    s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court properly exercises jurisdiction to determine the scope of its subject matter jurisdiction. <u>Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.</u>, 905 F.2d 42, 45 (3d Cir. 1990).

4